■ PRISCILLA POSNER, Respondent, v. CORTLANDT RECREATION CENTER, INC., Appellant.— In a negligence action to recover damages for injuries sustained by plaintiff while she was roller skating in defendant's rink, the defendant appeals from an order of the Supreme Court, Westchester County, entered January 15, 1962, denying its motion to set aside an inquest and to vacate a judgment entered thereon in favor of the plaintiff against it. The court directed the inquest by reason of defendant's default in appearing at a pretrial hearing. Order reversed, without costs; motion granted; inquest and judgment vacated; and action directed to be restored to the calendar for a pretrial hearing. In our opinion, under the circumstances disclosed by this record, it was an improvident exercise of discretion for the court, on its own motion, to have directed an inquest. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISAIAH ARUZ, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered January 31, 1961, after a jury trial, convicting him of assault in the second degree for resisting arrest; assault in the third degree upon two police officers; and carrying a dangerous weapon, as a felony; and imposing sentence upon him as a second felony offender. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld and Christ, JJ., concur; Hill, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum: Defendant's guilt depends on whether (as the People's evidence tended to show) the police used no more force than was reasonably necessary to protect themselves against an assault initiated by defendant, or whether (as his evidence tended to show) he was unsuccessfully attempting merely to protect himself against an assault initiated by the police. The issue was factual; it hinged on credibility. Implicit in the jury's verdict was the finding that, to subdue a single handcuffed prisoner, a retinue of armed police officers was needed. It is my opinion that the verdict, based on such finding, is against the weight of the credible evidence, and that in the interests of justice a new trial is required.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SOL GOLD, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Kings County, dated December 6, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered June 1, 1949, after a jury trial, convicting him of grand larceny in the second degree, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.